[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14224
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-01196-HLA-MCR

GEORGE SMITH,

Plaintiff-Appellant,

versus

INTEGRATED COMMUNITY ONCOLOGY NETWORK, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 31, 2011)

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

George Smith, who is over the age of 50, appeals the district court's grant of

summary judgment in favor of Integrated Community Oncology Network ("ICON")

in his employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). Smith argues that the district court erred in granting ICON's motion for summary judgment because he made out a prima facie case of age discrimination and because he showed that ICON's articulated reasons for discharging him were a pretext for discrimination. After thorough review, we affirm.

"We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court." Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "[S]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact." Id. (quotation omitted). In making this determination, we "make all reasonable inferences in favor of the" nonmoving party. Id. (quotation omitted). "[W]e may affirm the district court on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Rowell v. BellSouth Corp., 433 F.3d 794, 797-98 (11th Cir. 2005) (quotation omitted).

A plaintiff can establish a prima facie case of age discrimination by showing "that he (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was replaced by a younger individual." Benson v. Tocco, Inc., 113 F.3d 1203, 1207-08 (11th Cir. 1997) (citation

2

omitted).  However, where the plaintiff's position was eliminated, he can prove a prima facie case

> (1) by demonstrating that he was in a protected age group and was discharged, (2) by showing that he was qualified for another position at the time of discharge, and (3) by producing circumstantial or direct evidence by which a factfinder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision not to place him in that other position.

Mitchell v. Worldwide Underwriters Ins. Co., 967 F.2d 565, 567-68 (11th Cir. 1992).

If a plaintiff establishes a prima facie case of discrimination, and the defendant "articulate[s] a legitimate, nondiscriminatory reason for the" discharge, the plaintiff must produce sufficient evidence, including evidence it proffered to establish its prima facie case, "to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the" discharge.  Chapman, 229 F.3d at 1024 (quotation omitted).  "A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer."  Id. at 1030.  Rather, the plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence."  Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted).

3

Here, Smith did not establish a <u>prima facie</u> case of age discrimination under <u>Benson</u> or under <u>Mitchell</u>. The record shows that Daniel Taylor, the employee Smith alleged replaced him, had distinct job duties from Smith -- specifically, while Smith did have some experience working with an electronic medical records ("EMR") system, he provided no evidence to dispute the testimony that this experience consisted only of producing desktop shortcuts to the EMR's website, whereas Taylor's job, on the other hand, consisted of implementing the EMR, including setting up the Citrix server for the EMR. Therefore, Smith was not "replaced by a younger individual." <u>Benson</u>, 113 F.3d at 1208. Furthermore, Smith was not qualified for an available position at ICON when he was discharged. See <u>Mitchell</u>, 967 F.2d at 567.

However, assuming arguendo that Smith had established a <u>prima facie</u> case of discrimination, he still did not show that ICON's articulated reasons for discharging him -- that he did not have the skills necessary to implement an electronic medical records system and that ICON's Board of Directors would not approve hiring an additional employee to implement that system -- were pretext for age discrimination. As the record shows, Taylor did not lack the experience ICON claimed was necessary for the EMR position, the evidence supported ICON's good faith belief that Taylor was in fact more qualified for the EMR position than Smith, and Smith offered no

4

evidence to show how the subsequent hiring of additional employees related to his own discharge. Accordingly, we affirm.

**AFFIRMED.**